FILED
SUPERIOR COURT
OF GUAM

2025 AUG 22 PM 2: 26

CLERK OF COURT

BY:_____

**IN THE SUPERIOR COURT OF GUAM**

JEFFREY S. MOYLAN, AS
ADMINISTRATOR OF THE ESTATE OF
RICHARD E. MOYLAN,

    Plaintiff/Counterclaim Defendant,

vs.

AXE MURDERER TOURS GUAM, ET AL.,

    Defendant/Counterclaimants.

AND RELATED COUNTERCLAIMS AND
THIRD-PARTY CLAIMS.

**CIVIL CASE NO. CV0760-16**

**DECISION AND ORDER GRANTING
MOTION FOR PARTIAL SUMMARY
JUDGMENT AS TO TORT CLAIMS**

    The Court considers whether Defendants E.C. Development, LLP (ECD) and Paseo View Properties, Inc. (PVP) engaged in tortious activities against Richard E. Moylan. The tort claims alleged by Richard[1] include the Second and Third Causes of Action (trespass), Fourth and Fifth Causes of Action (conversion/trespass of chattels), and Eighth Cause of Action (civil conspiracy). Having reviewed the parties' arguments, the Court determines that Richard has not raised genuine issues of material fact regarding ECD and PVP's involvement in the alleged tortious activities. Further, the Court finds that adequate discovery has occurred on this matter and that Richard's Counsel's Rule 56(d) Declaration fails to meet the requirements to allow for a

---

[1] Richard E. Moylan passed away after filing this Motion. The Administrator of his Estate has substituted in his place as Plaintiff. Order Granting Rule 25 Mot. (July 7, 2025).

ORIGINAL

continuance of summary judgment proceedings.[2] Therefore, the Court GRANTS ECD and

PVP's Motion for Partial Summary Judgment as it relates to the tort claims.

## I.    PROCEDURAL BACKGROUND

### A. This Motion

On July 27, 2018, ECD and PVP moved for partial summary judgment on both tort and

contract claims and requested injunctive relief, a constructive trust, and punitive damages. Here,

the Court considers solely the tort claims, specifically, trespass to Lot 1051, trespass to Dela

Corte Street, conversion/trespass to chattels, and civil conspiracy. Richard filed his opposition to

the Motion on February 22, 2022, and ECD/PVP replied on March 4, 2022.[3] The case was re-

assigned before the Court could issue a decision on the motion. Upon another reassignment to

this Court in 2025, the Motion was taken under advisement on July 29, 2025.

### B. Other Decisions Rendered by the Court

This Court has made other rulings on the issue of Richard's tort claims. This case

pertains to a Lease Agreement between Richard's relatives (his co-tenants) and third parties. In a

May 13, 2022 Decision and Order, the Court found that while Richard did not have exclusive

possession of Lot 1051, the Lease did not specify what rights the co-tenants retained or what

---

[2] Richard titled his Counsel's Declaration as a GRCP Rule 56(f) Declaration of Counsel. However, Guam Rule of Civil Procedure 56 has since been amended; the contents of Rule 56(f) are now under Rule 56(d).

[3] Briefing on this Motion was stayed under the parties' stipulation on August 28, 2018, and pending resolution of the Citizens Participation in Government Act (CPGA) issues. Stip. & Order Re: Def. PVP & ECD's Mot. Partial Summ. J. (Aug. 28, 2018). After the Court issued decisions on the CPGA issues in 2018 and 2020, the decisions were appealed and then affirmed by the Guam Supreme Court in 2021. *Moylan v. Axe Murderer Tours Guam, Inc.,* 2021 Guam 25. Once the CPGA issues were resolved, the Court set a briefing schedule on the July 2018 Motion for Partial Summary Judgment. Order Re Pending Mots. at 1 (Jan. 25, 2022). This explains why it took four years to brief this Motion.

rights the Lessees acquired as it relates to Lot 1051 prior to Richard's consent. Dec. Order Re

Defs.' Mot. Summ. J. at 5 (May 13, 2022). The Court stated that without the issue of the intent

being settled, it could not determine if ECD, PVP, or Defendant Axe Murderer Tours Guam

(AMT) trespassed onto Lot 1051. *Id.* at 6. With regards to civil conspiracy, the Court

determined that the parties failed to discuss the elements of conspiracy and failed to specify the

underlying tort to this claim and therefore it was unable to determine whether summary judgment

was merited. *Id.* at 7. The Court then denied summary judgment on these tort claims.

The Court now reexamines these issues in light of the parties' arguments in and in

response to the July 2018 Motion for Partial Summary Judgment relative to Richard's tort

claims.

## II.     **FACTUAL BACKGROUND**

### A. **Undisputed Facts**

The following facts are undisputed as established in the December 13, 2018 Decision and

Order re Motion to Dismiss Counterclaims and Third-Party Claims:

1.  Richard Moylan is a tenant in common over Lot No. 1051, Hagatna with other

    Moylan relatives.

2.  Richard Moylan's relatives leased their interest in Lot No. 1051 to Tessie Paraliza

    Grecia and Pacita Allman.

3.  Grecia and Allman assigned their interest in Lot No. 1051 to PVP.

4.  PVP and ECD are affiliated entities and share common management.

5.  ECD or PVP allows AMT to use Lot 1051 for parking.

6.  AMT leases Lot No. 1058New from ECD.

7.  AMT leases Lot No. 1057, 1056, and 1052 from PVP.

ORIGINAL

8. Richard Moylan also owns Lot No. 1040, Hagatna, and a portion of Dela Corte Street, both of which are adjacent to Lot No. 1051.

## B. Further Evidence Proffered by Richard; ECD/PVP's Responses

As discussed herein, in demonstrating what the material facts are, ECD/PVP and Richard rely on the facts alleged and verified by Richard in the First Amended Complaint. He alleges:

1. Lot 1051 could not be leased out to others without his consent, and he has not consented to any of the Defendants' (ECD, PVP, and AMT) use of Lot 1051. First Am. Compl. ¶¶ 11, 17, 21 (June 28, 2017).

2. Grecia and Allman assigned their interests to PVP on or about October 13, 1989. *Id.* ¶ 12. PVP leased or orally granted its interest in Lot 1051 to ECD. *Id.* ¶¶ 22-23; *see also* PVP Answer First Am. Compl. ¶¶ 12, 23 (Jul. 14, 2017) (admitting). ECD leased Lot 1051 to AMT to use as commercial parking in exchange for rent on April 11, 2014. *Id.* ¶¶ 24-25; *see also* ECD Answer First Am. Compl. ¶ 25 (Jul. 19, 2017) (admitting).

3. In 2014, Lot 1051 was overgrown with vegetation making it unusable for parking, use, or occupation. *Id.* ¶ 32. It also had a fence-line along the property line adjacent to Lot 1058 (northern portion of Lot 1051), and a fence-line along Dela Corte Street. *Id.* ¶ 33.

4. In late 2014 and/or early 2015, one or more Defendants placed debris on Lot 1051, cleared the vegetation on Lot 1051, cleared the debris on Lot 1051, and removed all of the fence-line on Lot 1051. *Id.* ¶¶ 34, 36-38.

5. In late 2014 or early 2015, one or more Defendants removed portions of his fence-line on the ocean-side portion of Dela Corte Street. *Id.* ¶ 49. Through his counsel,

Richard notified Defendant AMT of this removal and, sometime afterward, AMT replaced the fence. *Id.* ¶¶ 50, 51.

6. In late 2014 or early 2015, one or more Defendants cleared the vegetation upon Dela Corte Street and they continue to cut vegetation along Richard's fence on Dela Corte Street. *Id.* ¶¶ 52, 56

7. In early 2015, after Lot 1051's fence-line was removed and the vegetation was cleared, one or more Defendants placed coral upon the surface of Lot 1051. *Id.* ¶ 60.

8. On or about February 25, 2015, Richard's counsel notified AMT about its unauthorized use of Lot 1051, upon which AMT erected a yellow tape barrier to prevent its customers and others from using Lot 1051. *Id.* ¶ 61.

9. One or more Defendants then informed AMT they could use Lot 1051, upon which AMT removed the yellow tape barrier. *Id.* ¶ 62.

10. An attorney for ECD/PVP informed AMT that ECD/PVP or he himself would indemnify AMT for using Lot 151. *Id.* ¶¶ 63-64.

11. One or more Defendants painted yellow lines on Lot 1051 to identify commercial parking stalls. *Id.* ¶ 65.

12. Around April 2015, one or more Defendants erected parking signs for AMT's business on the fence-line separating Lot 1051 from Dela Corte Street. *Id.* ¶ 70. Around May 2015, one or more Defendants erected a sign precluding anyone but customers of AMT from using Lot 1051. *Id.* ¶ 71.

13. On or about October 26, 2025, Richard erected a "No Trespassing" sign in the center of Lot 1051 and alleges that within a day or so, one or more Defendants covered up this sign and moved it to the side of Lot 1051 and subsequently removed or destroyed

ORIGINAL

it. *Id.* ¶ 73-75.

14. On or about October 26, 2015, Richard erected several "No Trespassing" signs on the fence-line between Lot 1051 and Dela Corte Street, and one or more Defendants covered these signs. *Id.* ¶¶ 77-8. One or more Defendants subsequently erected AMT's sign stating, "Parking for Customers and Guests." *Id.* ¶ 79.

15. On or about February 1, 2017, one or more Defendants installed concrete parking separators on Lot 1051. *Id.* ¶ 84.

ECD/PVP admit most allegations regarding the state of Lot 1051 and Dela Corte Street, however, they either deny or do not admit to their specific involvement in activities. For example, ECD/PVP admits that conditions existed regarding Lots 1051 and Dela Corte Street, such as the overgrowth of vegetation, the existence of "No Trespassing" signs, the removal of these signs, and so forth. PVP Answer First Am. Compl. ¶¶ 32, 73-5; ECD Answer First Am. Compl. ¶¶ 32, 73-5. However, they explicitly admit that "one or more Defendants" were involved in the allegations presented by Richard and do not admit that ECD/PVP were involved. *Id.*

## III.   **LAW AND DISCUSSION**

Summary judgment may be granted if the movant shows no genuine dispute as to any material fact, and the movant is entitled to judgment as a matter of law. GRCP 56(a). The pleadings and the substantive law determine the "materiality" of particular facts. *Anderson v. Liberty Lobby, Inc.*, 477 US 242, 248 (1986). Materials in the record must support the facts, including "depositions, documents, electronically stored information, affidavits or declarations, stipulations [], admissions, interrogatory answers, or other materials." GRCP 56(c)(1)(A). "If the movant can demonstrate that there are no genuine issues of material fact, the non-movant

ORIGINAL

cannot merely rely on allegations contained in the complaint, but must produce at least some significant probative evidence tending to support the complaint." *Iizuka Corp. v. Kawasho Intern. (Guam) Inc.*, 1997 Guam 10 ¶ 8. The Court must view the evidence and draw inferences in the light most favorable to the non-movant. *Edwards v. Pacific Fin. Corp.*, 2000 Guam 27 ¶ 7.

### C. Sufficiency of Facts Presented for Claims of Trespass and Conversion

Richard alleges that ECD/PVP were engaged in trespass to Lot 1051, trespass to Dela Corte Street, and conversion/trespass to chattels. Trespass occurs when a tortfeasor intentionally enters land in possession of another or causes a third person to enter. *Guerrero v. DLB Const. Co.*, 1999 Guam 9 ¶ 6. Conversion is "the wrongful exercise of dominion over the property of another and is established by 1) ownership or a right to possession of property, 2) the defendant's conversion by wrongful act or disposition of property rights, and 3) damages." *Jacot v. Miller*, No. 16-00074, 2017 WL 4320322 at *4 (D. Guam App. Div. Sept. 28, 2017). Trespass to chattel requires "injury to the plaintiff's personal property or legal interest therein." *Casillas v. Berkshire Hathaway Homestate Ins. Co.*, 294 Cal. Rptr. 3d 841, 843 (Ct. App. 2022). ECD/PVP make the same arguments for granting summary judgment on the claims of trespass to Lot 1051, trespass to Dela Corte Street, and conversion/trespass to chattels: that Richard provides mere allegations without sufficient evidence, and these allegations are insufficient to withstand summary judgment.

The Court starts its analysis by reviewing the guiding jurisprudence in Guam on the requirement of allegations to withstand summary judgment. In *Iizuka Corp. V. Kawasho Intern. (Guam), Inc.*, 1997 Guam 10, the Guam Supreme Court stated that summary judgment is proper under Rule 56 "if the pleadings, depositions, answers to interrogatories, and admissions on file,



together with the affidavits, if any, show that there is no genuine issue as to any material fact."

*Id.* ¶ 7. It stated that "there is a genuine issue, if there is 'sufficient evidence' which establishes a

factual dispute requiring solution by a fact-finder." *Id.* "If the movant can demonstrate that

there are no genuine issues of material fact, the non-movant cannot merely rely on allegations

contained in the complaint, but must produce at least some significant probative evidence

tending to support the complaint. *Id.* ¶ 8.

The Court also notes the United States Supreme Court's decision in *Anderson v. Liberty

Lobby, Inc.* to guide its determination of sufficiency of evidence. 477 U.S. 242 (1986). The

Supreme Court stated that the inquiry for determining whether evidence is sufficient at the

summary judgment stage is "whether the evidence presents a sufficient disagreement to require

submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."

*Id.* at 243. In coming to this decision, "the movant has the burden of showing that there is no

genuine issue of fact, but the plaintiff is not thereby relieved of his own burden of producing in

turn evidence that would support a jury verdict." *Id.* The Supreme Court further stated that the

summary judgment standard "provides that the mere existence of *some* alleged factual dispute

between the parties will not defeat an otherwise properly supported motion for summary

judgment; the requirement is that there be no *genuine* issue of *material* fact." *Id.* at 247-8. "The

plaintiff must present *affirmative evidence* in order to defeat a properly supported motion for

summary judgment" (emphasis added). *Id.* at 257.

Throughout his opposition, Richard argues that the allegations in a verified complaint

constitute "proof and testimony" to defeat a summary judgment motion. He cites to *Sears v.

Roberts* to support this argument. However, the Court in *Sears* held a plaintiff "may not rest

upon the mere allegations or denials of his pleading, but must set forth specific facts showing

ORIGINAL

that there is a genuine issue for trial," which supports the jurisprudence in *Iizuka Corp.* and *Anderson.* 922 F.3d 1199, 1207 (11th Cir. 2019).

### 1. Trespass to Lot 1051

The Court starts with the claims of trespass of Lot 1051. ECD/PVP state that there "is no allegation that either ECD or PVP has entered onto Lot 1051, to occupy it, to remove a fence, or to clear it. Instead, all that is alleged is that ECD/PVP 'allowed' Defendant Axe Murderer Tours to enter onto the lot." Mem. P. & A. in Supp. Defs.' ECD & PVP Mot. Partial Summ. J. at 5 (Jul. 27, 2018). ECD cites to the fact that it was an assignee of the Lessees and as such had the right to enter onto Lot 1051. Reply Mem. at 5 (Mar. 4, 2022). ECD/PVP state that the allegations that all Defendants have "acted jointly and in concert in entering Lot 1051" are simple allegations that are insufficient as a matter of law. Mem. P. & A. in Supp. Defs.' ECD & PVP Mot. Partial Summ. J. at 5. Ultimately, ECD/PVP emphasize that Richard repeatedly "cites to various conclusory allegations in his pleading, rather than point to specific facts which support his claims." Reply Mem. In Supp. Defs.' ECD & PVP Mot. Partial Summ. J. at 1.

While the Court previously found that it could not determine whether ECD/PVP trespassed onto Lot 1051 without knowing the Lessees' intentions, the Court is now faced with ECD/PVP's assertions that Richard failed to raise facts that indicate that any trespass was committed by them at all. The Court starts by looking at the assertions made by Richard in the First Amended Complaint, especially the ones identified by Richard in his Opposition as sufficiently meeting the burden of proof. Opp'n PVP/ECD 7/27/18 Mot. Summ. J., Ex. A (Feb. 22, 2022). Most of these statements allege that "one or more" Defendants have committed tortious acts, however there is no specific mention as to which Defendant committed these acts or how the Defendants acted in a concerted action to commit these acts. These allegations



include that "one or more Defendants" removed portions of the fence line, cleared vegetation, cleared Richard's portion of Dela Corte Street, placed coral on the lot, painted parking stalls, placed parking signs for customers and guests, and removed Richard's "no trespassing" sign. *Id.* There are allegations specific to AMT that ECD and PVP are not mentioned in, such as erecting a "yellow tape barrier" in Lot 1051 and AMT exercising "complete, total, and exclusive control over Lot 1051." *Id.* ¶¶ 62, 105. The only specific allegations of ECD/PVP committing an action are that ECD/PVP's attorney informed AMT that it would be indemnified for the use of Lot 1051 by either ECD/PVP or the attorney himself and an allegation that ECD/PVP intentionally allowed AMT to use Lot 1051. *Id.* ¶ 63, 64, 102. He argues that ECD/PVP's actions amount to acting as a co-trespasser as they "instigate, command, encourage, advise, ratify, or condone the commission of a trespass." Opp'n PVP/ECD 7/27/18 Mot. Summ. J. at 7; *Wiggins v. City of Burton*, 805 N.W.2d 517, 534 (Mich. App. 2011).

For this trespass claim, the Court looks to if ECD/PVP intentionally entered Lot 1051 or caused AMT to enter Lot 1051. Richard does not provide specific facts to indicate that ECD/PVP committed actions related to Lot 1051. In fact, Richard fails to provide facts that ECD/PVP even entered Lot 1051, let alone intentionally entered Lot 1051, in furtherance of the tort of trespass. The Court finds that Richard's allegations stating that "one or more Defendants" committed tortious acts related to Lot 1051 is not sufficient to find that ECD/PVP were involved in any action. Additionally, the Court does not believe Richard has provided sufficient evidence to create a genuine issue of material fact regarding whether ECD/PVP caused AMT to commit trespass to Lot 1051. The allegation that ECD/PVP and its attorney would indemnify AMT for its actions does not translate to acting to authorize, "instigate, command, encourage, advise, ratify, or condone the commission of a trespass" by AMT, just that they would compensate AMT


ORIGINAL

for any harm or loss. Further, the only claim Richard makes of a joint effort between the parties to commit trespass in the First Amended Complaint is the allegation that "all Defendants have acted jointly and in concert in entering Lot 1051 and using Lot 1051 without Plaintiff's consent." *Id.* at 106. This allegation, however, is not supported by additional facts of *how* the parties acted jointly and in concert to trespass Lot 1051- it is a stand-alone allegation.

The Court finds that even looking at the evidence and drawing inferences in the light most favorable to Richard, he has failed to produce evidence tending to support his allegation of trespass against ECD/PVP relative to Lot 1051 and as such there is no genuine issue of material facts as to this claim. Accordingly, the Court GRANTS ECD/PVP's motion for summary judgment relative to trespass of Lot 1051.

## 2. Trespass of Dela Corte Street

The Court now turns to Richard's allegation that ECD/PVP were engaged in trespass to Dela Corte Street. Richard argues that he has alleged that the "Defendants trespassed into his portion of Dela Corte Street to tortiously (i) cut his fence down and (ii) were tortiously clearing the jungle vegetation without his permission." Opp'n PVP/ECD 7/27/18 Mot. Summ. J. at 7. He argues that the allegations can be used to prove a material fact exists to defeat a motion for summary judgment and that there is a genuine issue of material fact in dispute as to if ECD/PVP trespassed upon his portion of Dela Corte Street. *Id.* Again, ECD/PVP state that Richard fails to "plead and prove that ECD/PVP entered on to [*sic.*] the property or are otherwise liable for trespass as to this property." Mem. P. & A. in Supp. Defs.' ECD & PVP Mot. Partial Summ. J. at 6. They state that the only allegation is that ECD/PVP "were aware that Plaintiff owned Dela Corte Street." *Id.*


ORIGINAL

The Court again finds that Richard relies on the mere allegations in his First Amended Complaint and has failed to produce "at least some significant probative evidence tending to support the complaint." *Iizuka Corp. v. Kawasho Intern. (Guam), Inc.*, 1997 Guam 10 ¶ 8. Richard has failed to provide evidence that ECD/PVP were involved in cutting down the fence or tortiously clearing the jungle vegetation and thus fails to establish issues of genuine fact regarding the elements of his trespass claim. Additionally, he again fails to provide evidence that ECD/PVP caused AMT to commit trespass to Dela Corte Street. Therefore, the Court GRANTS summary judgment for ECD/PVP on the claim of trespass to Dela Corte Street.

### 3. Conversion/Trespass to Chattels

Next, the Court analyzes the claims of conversion/trespass to chattels. Richard states that he has alleged that a conversion and trespass to chattels occurred through the removal of the Lot 1051 fence-line and the fence-line on his portion of Dela Corte Street. Opp'n PVP/ECD 7/27/18 Mot. Summ. J. at 8. ECD/PVP argue that all Richard has done is allege that they were "aware of Plaintiff's right to the fence-line on both Lot 1051 and Plaintiff's alleged interest in a portion of Dela Corte Street." Mem. P. & A. in Supp. Defs.' ECD & PVP Mot. Partial Summ. J. at 7. Further, they state that Richard again fails to offer proof that ECD/PVP disposed Richard from any of the chattels in question or that they removed the fence-line or interfered with Richard's right to the fence-line in question. *Id.*

Again, Richard fails to present at least some significant probative evidence that ECD/PVP were involved in the removal or caused the removal of the Lot 1051 fence-line or the removal of the fence-line on his portion of Dela Corte Street such that they have engaged in conversion/trespass to chattels. For the foregoing reasons, the Court GRANTS summary judgment for ECD/PVP on the claims of conversion/trespass to chattels.



### D. Separate Cause of Action for Civil Conspiracy

The Court next assesses the final tort claim of civil conspiracy. The elements of civil conspiracy are "1) the formation and operation of the conspiracy, 2) the wrongful act or acts pursuant thereto, and 3) the damage resulting from such act and acts." *Moylan v. Citizens Sec. Bank*, 2015 Guam 36 ¶ 72. There is no separate tort of civil conspiracy and no action for conspiracy to commit a tort unless the underlying tort is committed and damage results therefrom. *Prakashpalan v. Engstrom, Lipscomb and Lack*, 2023 Cal. App. 4th 1105, 1136 (Cal. App. 2014).

Richard argues that Guam allows for a separate cause of action for civil conspiracy, citing *Moylan*, 2015 Guam 36. He alleges that the three "separate corporations worked together to convert Plaintiff's property for pecuniary gain" and that the elements of conspiracy are met through his allegations "of 1) the earlier notice to Defendants of 1989 Lease [...] and Defendants' proceeding to exact financial gain and profit from cutting Lot 1051's fence line, clearing the Lot, occupying the Lot, then ousting Plaintiff from all occupation of Lot 1051; 2) the wrongful acts done pursuant thereto; and 3) the damage resulting from Defendants acts." Opp'n PVP/ECD 7/27/18 Mot. Summ. J. at 13-14. ECD/PVP argues that Guam law does not recognize an independent cause of action for civil conspiracy and as such, summary judgment should be granted for them.

The Court starts this analysis by clarifying the law surrounding conspiracy. The Guam Supreme Court in *Moylan* stated that it has "not yet spoken on the legal doctrine of civil conspiracy" but that the doctrine "gives rise to a well-settled cause of action in both federal and state law." 2015 Guam 36 ¶ 72. This decision establishes the elements of conspiracy and that a cause of action does in fact exist for civil conspiracy, but it did not determine that there is a


ORIGINAL

separate tort of civil conspiracy without committing the underlying tort.    Given that the Court has determined that Richard has failed to provide sufficient evidence beyond mere allegations of ECD and PVP engaging in tortious conduct, there can be no separate tort of civil conspiracy. Without finding a genuine issue of material fact regarding underlying tort claims, the Court does not find it necessary to address Richard's allegations of conspiracy. Thus, the Court GRANTS summary judgment for ECD/PVP on the claim of civil conspiracy.

### E. Request for Additional Discovery

Separately, Richard has argued that summary judgment is inappropriate because discovery is not complete; he states that discovery was stayed in 2017 and has yet to commence for the counterclaims. Opp'n PVP/ECD 7/27/18 Mot. Summ. J. at 2. Richard argues that under Rule 56(d), ECD/PVP's Motion is premature and that further discovery should continue. *Id.* at 2-3. He states that summary judgment "cannot be granted when an absence of evidence supporting a claim might be the result of incomplete, ongoing discovery" and his Counsel submitted a rule 56(d) Declaration to support continued discovery if the Court finds the statements in its Complaint are insufficient. *Id.* at 2.

The Court agrees that under Rule 56 there is a requirement to deny summary judgment where the nonmoving party "has not had the opportunity to discover information that is essential to his opposition." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at n.5. However, courts must evaluate whether "adequate time for discovery" has elapsed when discovery is ongoing prior to ruling on a motion for summary judgment. *Id.* What the Court prioritizes regarding discovery at this point is determining whether the nonmovant had a full opportunity to conduct discovery on this issue. *Id.* at 257. A party may file a Rule 56(d) declaration for a continuance of summary judgment to permit ongoing discovery for evidence essential to justify the party's opposition.


ORIGINAL

This declaration "must show how additional discovery would preclude summary judgment and why a party cannot immediately provide 'specific facts' demonstrating a genuine issue of material fact." *U.S. v. One 1985 Mercedes*, 917 F.2d 415, 418 (9th Cir. 1990).[4] This declaration must show "1) that they have set forth in affidavit form the specific facts that they hope to elicit from further discovery, 2) that the facts sought exist, and 3) that these sought-after facts are 'essential' to resist the summary judgment motion."

The discovery plan in this case was originally issued on November 18, 2016 and modified on April 21 and May 5, 2017. Sched. Order (Nov. 18, 2016); Stip. & Order Re: Am. Sched. Order (Apr. 21, 2017); Order Granting Stip. to Amend Am. Sched. Order (May 5, 2017). Discovery was ongoing until a stay occurred on August 2, 2017 upon the filing of a Motion to Dismiss. Mem. Supp. Mot. Dismiss Countercl. & Third-Party Claims (Aug. 2, 2017). Prior to the stay, Richard engaged in discovery which involved serving Defendants at least six separate sets of requests for production of documents, two sets of interrogatories, and a request for admissions. Decl. Genevieve P. Rapadas ¶ 4-6 (Mar. 4, 2022). Richard's requests resulted in over 700 pages of documents produced and Defendants served responses to his interrogatories and request for admissions. *Id.* Richard's Counsel's Rule 56(d) Declaration provides an overview of the procedural history of discovery in this case and the following statement: "Although we believe that Movant's 7/27/18 summary judgment should either be denied or summary judgment in Plaintiff's favor, in the event that the Court finds insufficient sworn statements have been presented placing material facts of genuine issues into dispute, then good

---

[4] *U.S. v. One 195 Mercedes* references a Rule 56(f) declaration in alignment with the previous version of the Federal Rules of Civil Procedure. Under the amended FRCP, this would now be a Rule 56(d) declaration.

cause exists to allow for discovery to continue." GRCP Rule 56(f) Decl. Counsel at 2 (Feb. 22, 2022).

First, the Court assesses whether "adequate time for discovery" has elapsed. Before discovery was stayed Richard issued six requests for production of documents, two sets of interrogatories, and a request for admissions. Richard's Complaint centers around ECD/PVP engaging in tortious actions; however, even with 700 pages of documents, responses to two sets of interrogatories, and a response to his request for admissions, he is unable to provide any substantial evidence to support these allegations. The Court believes that Richard has had an adequate opportunity to conduct discovery on what the Court considers a threshold issue for the case.

Next, the Court examines Richard's Counsel's Rule 56(d) Declaration. His counsel simply states that if the Court finds the allegations in the Complaint insufficient, then good cause exists for additional discovery. The Court does not believe that this Declaration has adequately established how additional discovery would preclude summary judgment and has not established why he cannot immediately provide specific facts demonstrating a genuine issue of material fact. The information provided in Richard's Counsel's Declaration fails to meet the requisite standard for the Court to grant a continuance of summary judgment to permit ongoing discovery.

Given that Richard has had sufficient time to conduct discovery on these issues and his Counsel's Rule 56(d) Declaration fails to meet the standards necessary to permit a continuance of summary judgment based on a need for additional discovery, the Court concludes that a finding of summary judgment is not premature.

## IV.     **CONCLUSION AND ORDER**

Upon viewing the evidence in the light most favorable to Richard, the Court finds that


ORIGINAL

Richard has failed to provide evidence establishing genuine issues of material fact regarding the elements of trespass of Lot 1051, trespass to Dela Corte Street, conversion/trespass to chattels, and civil conspiracy by ECD and PVP. Accordingly, the Court GRANTS ECD and PVP's motion for partial summary judgment for these tort claims.

      **SO ORDERED** this 22 August 2025.

**HON. ELYZE M. IRIARTE**
**Judge, Superior Court of Guam**

Appearing Attorneys:
William Pole, Esq., Law Offices of William B. Pole, P.C., for Plaintiff Jeffrey S. Moylan as
      Administrator of the Estate of Richard E. Moylan
Mitchell F. Thompson, Esq., Thompson Thompson & Alcantara, P.C., for Defendant E.C.
      Development, LLP and Paseo View Properties, Inc.
Jeffrey Cook, Esq., Law Offices of Cunliffe & Cook, for Defendant Axe Murderer Tours Guam /
      Beach House
Douglas Moylan, Esq., self-represented

ORIGINAL